IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GINGER K. WITHEY-MARTIN,

     Plaintiff,

v.                                          CASE NO. 1:12-cv-53-MP-GRJ

ARNOLD LIVERMAN, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     This matter is before the Court on Plaintiff's *pro se* Complaint (Doc. 1), motion

for leave to proceed as a pauper (Doc. 2), and motion for appointment of counsel (Doc.

3).  Plaintiff filed the Complaint on the Court's civil rights complaint form to be used by

*pro se* non-prisoner litigants in actions under 28 U.S.C. §§ 1331/1346 or 42 U.S.C. §

1983, naming three private individuals as Defendants: Arnold Liverman, Pastor of Fire

of God Ministries; Frankie D. Withey, Plaintiff's former husband; and Michelle L. Dubois,

Frankie Withey's girlfriend or spouse.  *See* Doc. 1.  From a review of the Complaint, it is

evident that the facts as presented fail to state a claim upon which relief can be granted

and that the Complaint is frivolous.  Further, it is clear that amendment in this case

would be futile because Plaintiff's concerns do not present any cognizable basis for the

exercise of federal jurisdiction.   Accordingly, the undersigned recommends that leave

to proceed as a pauper be denied, and that the Complaint be dismissed.

## DISCUSSION

     The factual allegations of the Complaint reflect that Plaintiff has an ongoing

domestic dispute with her former husband, Defendant Withey, and with Defendant

Dubois.  Plaintiff accuses Withey and Dubois of abusing and exploiting each other.

Plaintiff alleges that in June 2007 Pastor Liverman told Plaintiff to take care of Defendant Withey, although Liverman knew that Plaintiff was homeless and did not have a job, and knew that Withey had just been released from prison.  Plaintiff conclusionally alleges that her constitutional rights have been violated, along with her rights under state law pertaining to the termination of parental rights in her three children.[1]   Plaintiff seeks unspecified monetary damages from Defendants.  Doc. 1.

The screening process under 28 U.S.C. § 1915(e)(2)(B) applies to *pro se* litigants who are proceeding *in forma pauperis*.  *Boyington v. Geo Group, Inc*.,  2009 WL 3157642 (M.D. Fla.), *citing Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not).  In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Dycus v. Astrue*,  2009 WL 47497, at *1 (S.D. Ala.2009).  An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. *Martinez v. Kristi Kleaner's Inc.*, 364 F.3d 1305, 1306 (11th Cir.2004); *see also Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir.1997) (stating that a court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based on an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous claim under section 1915 as being one  'without arguable merit. " *Harris v.*

---

[1]The Court recently dismissed a case filed by Plaintiff in which she asserted claims stemming from the state-court termination proceedings.  *Withey v. Coker*, Case. No. 1:11-cv-260-MP-GRJ, Docs. 7 & 8 (N.D. Fla. 3/5/12).

*Menendez*, 817 F.2d 737, 739 (11th Cir.1987) (quoting *Watson v. Ault*, 525 F.2d 886

892 (5th Cir.1976)).  'Arguable means capable of being convincingly argued. "*Moreland*

*v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting Menendez*, 817

F.2d at 740 n. 5); *see Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636,

639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are

slight); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir.1996) (stating that

[f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are

clearly baseless; legal theories are frivolous when they are indisputably meritless. ")

(citations omitted).

A *pro se* litigant's allegations are entitled to the benefit of liberal construction.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license .

. . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an

action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th

Cir.1998)(*overruled on other grounds* by *Iqbal*).

Even liberally construed, there are no factual allegations in the Complaint that

provide any basis for invoking federal jurisdiction.   Plaintiff's claims are based on an

indisputably meritless legal theory, and therefore are frivolous.

### **RECOMMENDATION**

In light of the foregoing,  it is respectfully **RECOMMENDED** that leave to proceed

as a pauper, Doc. 2, be **DENIED** and that Plaintiff's Complaint (Doc. 1) be **DISMISSED**

as frivolous, that all pending motions should be terminated, and the clerk should be

directed to close the file.

**IN CHAMBERS** this 8th day of March 2012.

*s /Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
    **Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.   A party may respond to another party's objections within 14 days after being served with a copy thereof.   Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**